IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS MOSQUEDA,

    Petitioner,                    No. CIV S-11-0745 KJM GGH P

    vs.

MICHAEL MARTEL,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Plaintiff seeks habeas relief on the grounds that the admission of hearsay evidence at his trial and the use of a juvenile adjudication to enhance his sentence, respectively, violate his due process rights. As a third ground, plaintiff asserts that he was denied his Sixth Amendment right to effective assistance of counsel.

        Petitioner has also filed a motion requesting a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), so that he may exhaust his ineffective

1

1  assistance claim in state court.[1]  (Doc. #3.)  In Rhines, the United States Supreme Court found
2  that a stay and abeyance of a mixed federal petition should be available only in the limited
3  circumstance that good cause is shown for a failure to have first exhausted the claims in state
4  court, that the claim or claims at issue potentially have merit and that there has been no
5  indication that petitioner has been intentionally dilatory in pursuing the litigation.  Rhines, supra,
6  at 277-78, 125 S.Ct at 1535.  A Rhines motion must clearly identify both the exhausted and
7  unexhausted claims; and must show good cause for petitioner's failure to have first exhausted the
8  claims in state court, that the claims at issue potentially have merit and that there is no evidence
9  he has been intentionally dilatory in pursuing the litigation.

10  Here, petitioner asserts that his "mixed" petition contains two exhausted due
11 process claims and a third, ineffective assistance claim, that has not been exhausted in state court.
12 (Doc. #3 at 4; see also Petition ("Ptn.") at 3.)  As to good cause for failure to exhaust this claim,
13 petitioner avers that he is an "indigent Mexican National who has limited English linguistic
14 skills" and attaches an Education Progress Report indicating that petitioner is academically
15 functioning at a second- or third-grade level.  (Doc. #3, Ex. A.)  He "has minimal formal
16 education and has absolutely no ability to comprehend matters of law."  (Id. at 4.)  He cannot
17 afford to hire an attorney; nor has he been able to secure free legal assistance from fellow
18 inmates.  (Id. at 4-5.)  In November 2010, he was introduced to an inmate legal assistant who
19 agreed to help him with his federal habeas petition.  (Id. at 5.)  For the next two months, she
20 reviewed the record of petitioner's case and determined that petitioner had an ineffective
21 assistance claim which "bear[s] directly upon the weight of the merits presented in claims I and II
22 of the writ petition [and] therefore must be allowed to be reviewed contemporaneously."  (Id. at

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

5.)  Petitioner filed both the instant federal petition and a <u>Rhines</u> motion on March 18, 2011.

On May 20, 2011, pursuant to court order dated May 9, 2011, respondent filed a response to petitioner's motion to stay, in which he stated that he did not oppose the motion.

<u>Rhines</u> does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard.  <u>Jackson v. Roe</u>, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default.  <u>See</u>, <u>e.g.</u>, <u>Rhines v. Weber</u>, 408 F.Supp.2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds support in <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S.Ct. 1807 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. at 416-17, 125 S.Ct. 1807.

This court finds, in this instance and based on the circumstances described, that petitioner has shown sufficient cause to meet the "good cause" standard under <u>Rhines</u>.  The court also finds that the claim at issue potentially has merit and there is no evidence petitioner has been intentionally dilatory in pursuing the litigation.

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's motion for a stay under Rhines, supra, filed on March 18, 2011 (Doc. #3) be granted, pending exhaustion of the ineffective assistance claim;

2. Petitioner be directed to inform this court and file a request to lift the stay within twenty-eight days of a decision by the California Supreme Court concluding state court habeas review.  Failure to timely inform the court will result in dismissal of the federal claim; and

////

1  3. The Clerk shall administratively close this case for purposes of case status
2 pending exhaustion.
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: June 14, 2011

 /s/ Gregory G. Hollows
 _____
 UNITED STATES MAGISTRATE JUDGE

mosq0745.100.ggh
GGH:14